G. C. McClure, et al., *v.* James Peck, Sr., et al.

**Right to Use River—Navigable Stream.**

Where the owner of the land on both sides of a stream which has been declared navigable has maintained a mill dam across it for forty years, and the legislature provided that the act declaring the stream navigable should not be so construed as to interfere with the use of the owners of the mill and dam, it is held that he has a right to remove logs of others lodging upon and injuring such dam and thus protect his property.

APPEAL FROM LAWRENCE CIRCUIT COURT.

September 8, 1876.

Opinion by Judge Pryor:

It is not necessary for this court to pass upon the constitutionality of the act of the legislature making Griffings creek a navigable stream, or to determine the right of the appellants to use it as such independent of legislation. It is shown by the proof that the appellee, George Peck, Sr., owned the land over which this stream of water made its way to the Sandy river, and that his mill dam had been erected more than forty years prior to the institution of the

8

action, during which period he has enjoyed the use of the water in running his mill. The use of the water in running his mills is not incompatible with the public use, and there seems to have been no effort on the part of the appellees to prevent this use by the public, except in so far as it became necessary to protect his dam from injury by reason of the floating logs and drift upon the stream during high water.

The legislature, in passing the act, provided that it should not be so construed as to interfere with the right of Peck to use his mill and dam, and in order to preserve this right that the legislature had expressly conceded to him, he or his agents cut the timber that is alleged to have obstructed navigation. The logs of appellants had already injured his dam, and many of them had at the time lodged upon it, and his right to protect his property under such a state of case cannot be questioned.

The bed of the stream is not more than ten or fifteen feet wide, and it is not pretended that the volume of water is sufficient for the ordinary purposes of navigation. It is not navigated by even the smallest vessel, such as a skiff or canoe, but is sufficient in very highest water to float out saw-logs. The right to float these logs has not been molested by appellees, save in the effort to prevent their own property from destruction. The use, occupancy and enjoyment of this property by appellees existed long before the passage of the act of the legislature, or the use of the stream by the public. To require the appellees to abandon not only the use, but an absolute title to the land, or to hold it subject to the right of those living above to use it, regardless of appellees' rights, would be taking private property for public use without any compensation. Conceding the right of the appellants to resort to a court of equity in a case like this, in the absence of any allegation or proof showing that they were without remedy at law, they have made out no case for the interposition of the chancellor.

The judgment in so far as it dismisses the petition is *affirmed*.

*R. Apperson, Jr., J. E. Stewart, R. L. Burns, for appellants.*

*J. and J. W. Rodman, W. M. Fulkerson, L. T. Moore, for appellees.*